Andrew Gerber (AG 0779)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Ann Lewis*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| ANN LEWIS, | : | Case No. |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| v. | : | |
| | : | |
| DANNER, INC., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

_____

Plaintiff Ann Lewis, by her attorneys Kushnirsky Gerber PLLC, for her complaint against defendant Danner, Inc. ("Danner") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement brought by an independent artist against a subsidiary of a massive, multinational corporation that used the artist's original work in advertising without permission or authorization.

2. Plaintiff Ann Lewis, who sometimes works under the pseudonym gilf!, is widely known for her provocative and challenging activist artwork. In addition to her established studio practice and gallery work, Ms. Lewis routinely paints large-scale, publicly visible murals around the world. In 2015, she was one of a dozen artists asked by the Obama administration to exhibit work at the White House to discuss criminal justice reform. Most recently, her mural work earned

1

her an Americans for the Arts Public Art Network (PAN) Year in Review Award. Ms. Lewis actively speaks out against corporate objectification of women and against commercial advertising more broadly.

3. One of Ms. Lewis' most iconic murals, *Trust Your Vision* (the "Original Mural"), is shown below. The Original Mural is a commissioned work.



4. Ms. Lewis is the owner of federal copyright registration number VA0002016110 for the Original Mural. The Original Mural also had a plaque next to it that identified Ms. Lewis as the creator.

5. Defendant Danner, Inc. is one of the most recognizable premium boot brands in the world. Danner sells and ships boots and footwear accessories worldwide through its e-commerce website, located at www.danner.com. Danner also sells its products through over 1,000 retailers in the United States and Europe and its owned-and-operated retail stores in Oregon and Washington. On information and belief, Danner is a wholly-owned subsidiary of LaCrosse Footwear, Inc., which is in turn is a wholly-owned subsidiary of Japanese retailer, ABC-MART, Inc.

6. Danner promotes its products through extensive advertising campaigns, including but not limited to sponsorships, traditional media, and social media. Danner employs a calculated multi-channel online marketing strategy, directly engaging with consumers through its e-commerce website, its blog located at www.blog.danner.com, and its social media accounts. Danner has nearly 200,000 followers on Instagram alone and relies heavily on social media advertising.

7. Danner's advertising campaigns traditionally showcase its products in action in natural and industrial environments to appeal to a range of consumers from active hikers and hunters to factory and construction workers. However, in late 2016, Danner debuted its Portland Select boot collection as its lifestyle outdoor footwear line in women's and men's sizes. Promoted as a "collection for the modern explorer,"[1] the Portland Select line targets casual hikers and urban consumers seeking lighter, more fashionable alternatives to the traditional hiking boot. Danner has even sponsored posts on fashion blogs and online media websites to emphasize the Portland Select collection's association with street style.[2]

8. In October 2017, Danner launched a multi-channel online marketing strategy for its Portland Select line targeted at a young, urban demographic (the "Ad Campaign"). The Ad Campaign includes videos, photographs, blog articles, and social media posts across Danner's website, blog, and social media accounts and made available to media for press coverage of the Portland Select collection.

---

[1] Portland Select, Danner, https://www.danner.com/portland-select/?sortId=position-asc (last visited Mar. 26, 2019).
[2] *See, e.g.*, Gear Patrol Studios, *Danner Boots Fit for Urban (and Outdoor) Life*, Gear Patrol (Oct. 17, 2016), https://gearpatrol.com/2016/10/17/danner-urban-hiking-boots/; Nick Coe, *Danner's Portland Select Collection for the Urban Adventurer*, Heddels (Dec. 30, 2016), https://www.heddels.com/2016/12/danners-portland-select-collection-for-the-urban-adventurer/; Daniel So, *Danner's Fall/Winter Collection Is Built for the City & Great Outdoors Alike*, Highsnobiety (Nov. 28, 2017), https://www.highsnobiety.com/2017/11/28/danner-boots-fw17/.

3

9. Without obtaining or even seeking any permission or authorization from Ms. Lewis, Danner used a photograph featuring a woman posed in front of the Original Mural to advertise its Portland Select collection and the Danner brand generally (the "Infringing Advertisement"). The Infringing Advertisement was posted to Danner's Instagram account and published as the centerpiece image for Danner's Portland Select women's line on the Danner website, as shown below. Additional examples of the Infringing Advertisement are attached hereto as Exhibit A.


Infringing Advertisement as shown on Danner's official Instagram account


Infringing Advertisement as shown on Danner's official website

10. Ms. Lewis asserts claims for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq*. (the "Copyright Act"). She seeks monetary damages, statutory damages, costs, and attorneys' fees.

## PARTIES, JURISDICTION, AND VENUE

11. This is an action for copyright infringement under the Copyright Act. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12. The Court has personal jurisdiction over Danner pursuant to N.Y. C.P.L.R. §§ 301 and 302.

13. Defendant Danner is a corporation organized and existing under the laws of the State of Wisconsin with a principal place of business at 17634 NE Airport Way in Portland, Oregon. Danner does continuous and systematic business in New York and in this District and operates an e-commerce website through which it ships a significant number of goods to consumers in this District. Danner regularly does or solicits business in New York; derives substantial revenue from goods used or services rendered in New York; expects or reasonably should expect its infringing conduct to have consequences in New York; and derives substantial revenue from interstate commerce.

14. Plaintiff Ann Lewis is an individual that was residing in Brooklyn, New York for years until her recent move to Detroit, Michigan. A large portion of Ms. Lewis' work, including the Original Mural, was created in Brooklyn.  Ms. Lewis is the sole owner of the copyright in the Original Mural and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this Complaint.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendant does business and is subject to personal jurisdiction here; and because a substantial part of the events or omissions giving rise to the claims occurred here.

**FACTUAL BACKGROUND**

**I.        Plaintiff's Original Mural**

16. Ms. Lewis created the Original Mural in Brooklyn, New York in 2014. The Original Mural showcases purple and orange line work in Ms. Lewis' signature maze-like designs that contain a hidden message, the phrase "TRUST YOUR VISION."

17. Ms. Lewis completed the mural in July 2014, and the Original Mural has since become a prominent feature of the DUMBO neighborhood of Brooklyn. Since its installation, the Original Mural has become one of Ms. Lewis' most recognizable works.

**II.       Danner's Willful Infringement and Unlawful Conduct**

18. Danner promotes and advertises its products through extensive advertising campaigns, including a multi-channel online marketing strategy designed to directly engage with its online followers on its e-commerce website, blog, and social media, including its nearly 200,000 Instagram followers.

19. In connection with its Portland Select collection, Danner launched the Ad Campaign, targeting consumers seeking an everyday premium boot and an association with Danner's conception of "urban cool."

20. As part of the Ad Campaign, Danner commissioned a professional photography and video shoot in Brooklyn, New York. The Original Mural is a prominent creative element in the Infringing Advertisement, which showcases the work's distinctive color scheme and maze-like graphic design. The Original Mural as included in the Infringing Advertisement, and more broadly, the Ad Campaign, is used to enhance the credibility of the Portland Select line's "urban adventurer" brand identity.

21. The prominence of the Original Mural in the Infringing Advertisement is no accident. In the past, Danner has featured other street art and graffiti in its advertising, including a sponsored post for the Portland Select line that was published concurrently with the Ad Campaign, reflecting both an intent to leverage the popularity of street art to attract young, urban consumers, and the effectiveness of this approach.[3]

22. The Original Mural had a plaque next to it that identified Ms. Lewis as the creator. The City of New York was also aware that Ms. Lewis was the creator of the Original Mural and would have identified her as such in response to any inquiry. Without seeking or obtaining any permission or authorization from Ms. Lewis, Danner used the Original Mural in the Infringing Advertisement as part of the Ad Campaign for the Portland Select collection.

23. Starting in at least October 2017, Danner began using the Original Mural in the Ad Campaign, as shown below. Additional examples of the Infringing Advertisement are attached hereto in Exhibit A.



---

[3] *See* So, *supra* note 2.



24. Danner used the Infringing Advertisement as the central image promoting the Portland Select women's line on its e-commerce website from at least October 2017 through March 2018. Furthermore, Danner embedded the Infringing Advertisement with a hyperlink such that each user who engaged with the Infringing Advertisement on the Danner website was sent directly to the Portland Select women's line e-commerce webpage located at www.danner.com/women/lifestyle/portland-select.

25. Despite having knowledge of Ms. Lewis' authorship of the Original Mural, Danner never attempted to contact Ms. Lewis to inquire about a license or request permission to use her work in its advertising.

26. Ms. Lewis has been significantly damaged by these unlawful uses of the Original Mural and has been forced to file this action in order to protect her rights and livelihood.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq.*

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 above, and incorporates them herein by this reference.

28. Plaintiff is the respective legal owner of all right, title, and interest in the Original Mural, including the copyright in the work.

29. Defendant has copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Mural without the consent, permission, or authority of Plaintiff.

30. Defendant's conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501.

31. Defendant's acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

32. As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

33. As a result of the infringement that began in and stemmed from the United States, Defendant has unlawfully profited in the United States and around the world.

34. Plaintiff is entitled to her actual damages and Defendant's profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

35. Alternatively, Plaintiff is entitled to statutory damages in an amount up to $150,000, pursuant to 17 U.S.C. § 504.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. Awarding Plaintiff her actual damages in connection with Defendant's willful copyright infringement;

2. Awarding Plaintiff all of Defendant's disgorged worldwide profits resulting from Defendant's uses of the Infringing Advertisement;

3. Awarding Plaintiff statutory damages, attorneys' fees, and costs under the Copyright Act;

4. Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums;

5. Granting an injunction that permanently restrains and enjoins Defendant from copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Advertisement or any unlawful copy of the Original Mural; and

6. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: New York, New York
March 28, 2019

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____
Andrew Gerber (AG 0779)
andrew@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Ann Lewis*

# EXHIBIT A





12







15